IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIOLA TREVINO,

    Plaintiff,

v.                                                                                        No. 1:25-cv-01007-DHU-JHR

JOHN CARR,
KAREN FINKELSTEIN and
MATTHEW FINKELSTEIN,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    This case arises from a probate proceeding in state court. *See* Complaint for Violation of Due Process and Fraud, Doc. 1, filed October 14, 2025 ("Complaint"). Plaintiff, who is proceeding *pro se*, alleges she "was not notified of the hearing when the District Court Judge issued its decisions" and "was denied the opportunity to present her Will and evidence at the hearing." Complaint at 1. Plaintiff also alleges that Defendants "were aware of the Will, but acted fraudulently to prevent Plaintiff from receiving T.J. Carr's estate as he wished." Complaint at 1. Plaintiff asserts a claim for violation of her right to due process and a fraud claim. *See* Complaint at 1.

    United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

(i)    The Complaint fails to state a due process claim pursuant to 42 U.S.C. § 1983 because there are no allegations showing that Defendants were acting under color of state law.

      (ii)      It appears Plaintiff was afforded an appropriate amount of process because although Plaintiff alleges she "was denied notice and the opportunity to be heard in state probate proceedings," Plaintiff appealed the state district court's ruling and the Court of Appeals for the State of New Mexico affirmed the district court's order of intestacy and determination of heirship.

      (iii)     The Complaint fails to state a claim for fraud because it does not state with particularity the circumstances constituting fraud.

Order to Show Cause at 2-4, Doc. 3, filed October 15, 2025. Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 5. Plaintiff did not show cause or file an amended complaint or otherwise respond to Judge Ritter's Order to Show Cause by the November 5, 2025, deadline.

      The Court dismisses this case without prejudice because the Complaint fails to state a claim upon which relief can be granted and because Plaintiff failed to comply with Judge Ritter's Order to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**HONORABLE DAVID H. URIAS**
**UNITED STATES DISTRICT JUDGE**